UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELE COX,

        Plaintiff,

-against-

SING SING CORRECTIONAL FACILITY;
WESTCHESTER COUNTY,

        Defendants.

1:19-CV-9249 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Michele Cox, who appears *pro se*, brings a complaint that is styled as a letter to the Westchester County Human Rights Commission. She asserts that Westchester County, the Sing Sing Correctional Facility, as well as "other small parties involved" have violated her civil rights, including her right to due process under the law, and she seeks unspecified relief. (ECF 1, at 1.) The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 that the defendants violated her federal constitutional rights. By order dated January 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

**STANDARD OF REVIEW**

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiff makes the following allegations: Plaintiff is a resident of Lithonia, Georgia. Her husband, Lavon Cox, is presently incarcerated in the Sing Sing Correctional Facility. Without Plaintiff's knowledge, Lavon Cox obtained a judgment of divorce from what appears to be the New York Supreme Court, Westchester County. He then married Tanesha Jones.

Lavon Cox filed a document with the state court that falsely asserted that on March 5, 2018, Jones's friend, Emma Brevetti, served Plaintiff with a copy of "divorce papers" in Niagara Falls, New York. (ECF 1, at 1.) But Plaintiff has not lived in New York State since 2014, and she was not in Niagara Falls on March 5, 2018.

Plaintiff reported the false document to state-court officials, Sing Sing officials, and to the Westchester County Clerk's Office to no avail. She then filed a motion to vacate the judgment of divorce in the state court, and a criminal complaint with the police. On three occasions, she travelled from Georgia to attend state-court proceedings with the aim of convincing the state court to vacate the judgment of divorce. On each of those occasions, Lavon Cox refused to leave Sing Sing to attend the proceedings. The presiding judge stated that she could have ordered prison officials to "throw him in the van and bring him to court but he probably would have sat there and said nothing." (*Id.* at 5-6.)

The state court vacated the divorce. But Lavon Cox is "still receiving illegal conjugal visits"; the state court has not voided his marriage to Jones. (*Id.* at 6.) And officials have not prosecuted Lavon Cox, Jones, or Brevetti for their criminal activity in connection with Lavon Cox's attempt to divorce Plaintiff. (*Id.* at 6.) Plaintiff states that her right to due process has been violated.

## DISCUSSION

A.  **Westchester County**

When a plaintiff sues a municipality, such as the Westchester County, under 42 U.S.C. § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff has alleged no facts showing that a policy, custom, or practice of Westchester County has caused violations of her federal constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against Westchester County for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.  Sing Sing Correctional Facility**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "A prison facility is not a person subject to suit under § 1983." *Brims v. Tracy*, No. 93-CV-3233, 1996 WL 153696, at *3 (S.D.N.Y. Apr. 3, 1996). The Court therefore dismisses Plaintiff's § 1983 claims against the Sing Sing Correctional Facility for failure to state claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.  Private prosecution**

The Court can additionally dismiss Plaintiff's claims in which she seeks the prosecution of the defendants or others. A private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance

4

of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of the defendants or others for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.     Duty to enforce the law and to protect Plaintiff**

The Court can further dismiss Plaintiff's claims under 42 U.S.C. § 1983 in which she asserts that government officials failed to enforce the law or protect her constitutional rights. The Constitution, including the Due Process Clause of the Fourteenth Amendment, does not require government officials to enforce laws or protect individuals from the bad acts of private actors. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994). Plaintiff seems to ask this Court to hold government officials liable for their failure to prevent Lavon Cox from seeking a divorce without his notifying Plaintiff, and their failure to prosecute Lavon Cox, Jones, and Brevetti for their roles in filing a false court document. But there is no constitutional duty on the part of government officials to take such actions.[1] Accordingly, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

---

[1] Plaintiff concedes that the state court remedied the wrong she suffered – divorce without notice and an opportunity to be heard – when it granted her motion to vacate the judgment of divorce.

### E. Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 14, 2020
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge